IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE ART & DRAMA THERAPY INSTITUTE, INC., et al.  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>THE MAY PARTNERSHIP, et al.  )<br>)<br>Defendants.  )<br>) | Case No. 1:07cv-01456<br><br>Assigned to:  Friedman, Paul L. |

**PLAINTIFFS' PARTIAL MOTION TO DISMISS
THE COUNTERCLAIM OF DEFENDANT THE MAY PARTNERSHIP**

Plaintiffs/Counter-Defendants The Art & Drama Therapy Institute, Inc. ("ADTI") and Beyond Mask, Inc. ("BMI"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move for entry of an order partially dismissing the Counterclaim of Defendant/Counter-Plaintiff The May Partnership for failure to state a claim under District of Columbia law for which relief could be granted.  Specifically, Plaintiffs' move to dismiss all counts to the extent such claims are barred by the applicable statute of limitations.  Plaintiffs' further move to dismiss Counts III, IV, and V in their entirety as the terms of a written contract attached to Counterclaim preclude The May Partnership's recovery.  The grounds for the motion are further set forth in Plaintiffs' Memorandum of Points and Authorities.  Pursuant to Local Rule of Civil Procedure 7(f), Plaintiffs hereby request a hearing on this Motion.

Dated:  October 2, 2007    Respectfully submitted,

 /s/ Stephen A. Bogorad
Stephen A. Bogorad
DC Bar # 375565
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax

Counsel for the Art & Drama Therapy
Institute and Beyond Mask, Inc.

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing documents were served by means of the ECF system on all counsel of record in the above case this 2nd day of October, 2007 on the following:

    David Charles Masselli
    David Charles Masselli PC
    4113 Lee Highway
    Arlington, VA  22207-3156

    Richard W. Luchs
    Williams C. Casano
    Joshua M. Greenberg
    Greenstein Delorme & Luchs, P.C.
    1620 L. Street, NW, Suite 900
    Washington, DC  20036

And served by first class, postage prepaid, US Mail on:

    Timsco, Inc.
    c/o Keith T. Prichard
    5300 Beech Place
    Temple Hills, MD 20748-2040

    Keith Prichard
    12791 Carronade Court
    Dunkirk, Maryland  20754

    /s/ Stephen A. Bogorad
    Stephen A. Bogorad

# 4818129_v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ART & DRAMA THERAPY ) <br> INSTITUTE, INC., et al. ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE MAY PARTNERSHIP, et al. ) <br> ) <br>     Defendants. ) <br> ) | Case No. 1:07cv-01456 <br><br> Assigned to:  Friedman, Paul L. |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' PARTIAL MOTION TO DISMISS
THE COUNTERCLAIM OF DEFENDANT THE MAY PARTNERSHIP**

Plaintiffs/Counter-Defendants The Art & Drama Therapy Institute, Inc. ("ADTI") and Beyond Mask, Inc. ("BMI"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move for entry of an order partially dismissing the Counterclaim of Defendant/Counter-Plaintiff The May Partnership for failure to state a claim upon which relief may be granted.  As demonstrated herein, the May Partnership seeks compensation under its lease agreements with both ADTI and BMI based on claims which are either barred in part by the applicable statute of limitations or simply cannot be supported under the alleged terms of the parties' agreements.

**STATEMENT OF FACTS[1]**

On or about July 12, 1996, ADTI entered into two leases with The May Partnership for premises located at 325 S Street N.E. and 336 Randolph Place N.E. in Washington, D.C. (the "ADTI Lease Agreements"). (Counterclaim ¶¶ 68, 70.)  Each of the ADTI Lease Agreements provided for an annual increase in the monthly rental rate of three percent (3%) plus one half of

---

[1] Because this case is before the Court on a Motion To Dismiss, the factual allegations of the Counterclaim are accepted as true for purposes of this motion, but Counter-Defendants reserve the right to contest these allegation. These facts are based on the facts as alleged in the Counterclaim and the facts admitted by Counter-Plaintiff The May Partnership in its Answer.

any increase in the Consumer Price Index above three percent.  (Id. ¶¶ 69, 71, Exs. A, B.)  Each of the ADTI Lease Agreements further provided that ADTI would be responsible for certain utility charges including, as applicable, water, sewer charges, oil, telephone, gas, and electric bills.  (Id. ¶ 93 Exs. A, B,.)  Until August 2003, ADTI paid rent according to the terms of the ADTI Lease Agreements.  (Answer ¶ 22.)  Beginning in August 2003, ADTI ceased to include the annual rent increases in the monthly rental payments.  (Counterclaim ¶ 74.)

In December 1999, BMI entered into an agreement with The May Partnership to lease additional space located at 336 Randolph Place N.E. for a monthly rate of $1,350.00 beginning on January 1, 2000.  (Id. ¶ 97.)  The agreement was memorialized in a letter dated December 4, 1999, and executed by both parties indicating their agreement to an annual rent of $16,200.00.  (Id. Ex. D.)  The letter indicated the parties intention to draft a formal lease for the space, (see id.), but they never executed the additional document.  (Id. ¶ 98.)  The letter agreement did not provide for an annual increase in rent, nor did it provide for the payment of utilities.  (See id. Ex. D.)  BMI therefore never included any rental increases in its monthly rental payments proffered to The May Partnership.  (Id. ¶ 103.)

On July 11, 2007, the May Partnership made demand, by letter, for certain amounts alleged to be owed under the ADTI Lease Agreements and the BMI Agreement.  (Id. ¶¶ 91, 106, Ex. C.)  Specifically, The May Partnership demanded payment of $76,195.28 in back rent from ADTI alleged to be due for the period beginning in August 2003.  (Id. ¶ 90, Ex. D.)  The May Partnership further demanded payment of $12,903.72 in back rent from BMI alleged to be due for the period beginning in January 2001.  (Id. ¶ 108, Ex. D.)

ADTI and BMI filed a Complaint on August 13, 2007, seeking, among other things, judgment declaring that the May Partnership had either waived or was estopped from claiming

rent due to annual increases scheduled subsequent to May 2003.  BMI further sought judgment declaring that the letter agreement between BMI and The May Partnership did not provide for such annual increases.  On September 12, 2007, The May Partnership filed a Counterclaim seeking the amounts alleged to be owed in its July 11, 2007 letter.  The May Partnership further alleged that BMI was liable to The May Partnership on a theory of *quantum meruit* for its occupation of the space at 336 Randolph Place N.E. since January 2000.  Finally, The May Partnership seeks payment for unspecified utility charges alleged to be owed by both ADTI and BMI pursuant to their respective lease agreements.

## SUMMARY OF ARGUMENT

The May Partnership's claims cannot be supported under the law.  First, all of the claims are subject to a three-year statute of limitations.  Since The May Partnership seeks amounts allegedly owed under leases for the period commencing more than 3 years prior to the filing of the Counterclaim, such claims are barred under the statue of limitations to the extent they go back more than 3 years.  Second, based on the facts alleged in the Counter-Claim, The May Partnership's claims against BMI are governed by the written letter agreement executed by the parties in December of 1999, which was attached to the Counterclaim.  Since the letter agreement does not provide for the alleged annual rent increases and does not require the tenant to pay for utility charges, The May Partnership's claims against BMI are also barred by both the statue of frauds and the parol evidence rule.  Finally, The May Partnership's *quantum meruit* claim against BMI is further barred by The May Partnership's allegation of the existence of the explicit, written letter agreement between the parties.

**ARGUMENT**

**I.    STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss should be granted where the plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Though the plaintiff need not provide "detailed factual allegations," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Dorsey v. Am. Express Co., Civ. Action No. 07-0885 (PLF), 2007 WL 2319093 (D.D.C. 2007) (quoting Bell Atlantic Corp. v. Twombly, -- U.S. --, --, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiffs must allege "something beyond . . . mere possibility," and the facts alleged "must be enough to raise a right to relief above the speculative level," sufficient "to state a claim for relief that is plausible on its face." Id. (quoting Twombly, 127 S. Ct. at 1965-74). "While the complaint is to be construed liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions." Id.

**II.    THE STATUTE OF LIMITATIONS BARS THE MAY PARTNERSHIP'S CLAIMS THAT ACCRUED BEFORE SEPTEMBER 12, 2004.**

Each count of the Counter-Claim seeks damages for claims which are barred by the applicable statute of limitations. Pursuant to D.C. Code § 12-301(7), the statute of limitations on a claim for a breach of contract, express or implied, is three years. A claim for breach of contract accrues at the time of the breach, defined as "an unjustified failure to perform all or any part of what is promised in a contract entitling the injured party to damages." Bembery v. District of Columbia, 758 A.2d 518, 520 (D.C. 2000) (quotation omitted). Where a debt is payable in independent installments, "the right of action accrues upon each as it matures." Id. (quoting Washington Loan & Trust Co. v. Darling, 21 App. D.C. 132, 140 (1903)) (where extra rent owed

4

for overtime usage of leased space were submitted as successive bills, those that accrued more than three years before suit barred by statute of limitations); see also Toomey v. Cammack 345 A.2d 453 (D.C. 1975) (promissory notes repaid in separate monthly installments); Namerdy v. Generalcar, 217 A.2d 109 (D.C. 1966) (debt payable in installments).

Equitable claims such as *quantum meruit* are treated as implied contracts which are also governed by the statute of limitations for contracts. D.C. Code § 12-301(7). "[I]f a legal claim is barred by the statute of limitations then its counterpart in equity is also barred." Union Labor Life Ins. Co. v. Sheet Metal Workers Nat'l Health Plan, Civ. A. No. 90-2728 (RCL), 1991 WL 212232, at *5 (D.D.C. Sept. 30, 1991) (applying statute of limitations for contracts to *quantum meruit* claim as implied contract). Therefore, implied contracts are treated as express contracts: "each breach gives rise to a new and separate cause of action and the statute[] of limitations . . . run[s] separately for each." Id. (holding separate claims for *quantum meruit* accrued each time plaintiff made payments which were allegedly not reimbursed).

Each count in The May Partnership's Counterclaim seeks compensation for claims which are barred by the applicable statute of limitations. Counts I, II, III, and V all seek compensation for amounts alleged to be due pursuant to express contracts (written or oral) between both Plaintiffs and The May Partnership. Counts I and III seek compensation for back rent alleged to be owed by ADTI and BMI beginning in August 2003 and January 2001, respectively. However, as The May Partnership's Counterclaim was not filed until September 12, 2007, the statute of limitations bars Counter-Plaintiff from recovering any amounts alleged to have been due before September 12, 2004. As both ADTI and BMI's rents were payable as monthly

installments, The May Partnership may only seek compensation allegedly due for the period after this date.[2]

Count IV asserts a claim against BMI based on the theory of *quantum meruit.* But this claim is similarly barred to the extent it seeks compensation for deficiencies in monthly rent payable for the period prior to September 12, 2004.  Finally, though it has failed to specifically identify the utility charges which ADTI and BMI allegedly owe, to the extent those amounts allegedly came due before September 12, 2004, The May Partnership's claim for utility charges (Counts II and V) are also barred by the applicable statute of limitations.  Therefore, ADTI and BMI request that this Court dismiss all counts in The May Partnership's Counterclaim to the extent The May Partnership's seeks to recover monies allegedly due for the period prior to September 12, 2004.

### III. THE MAY PARTNERSHIP'S CLAIMS AGAINST BMI FOR ANNUAL RENT INCREASES AND UTILITY CHARGES ARE BARRED BY THE PLAIN LANGUAGE OF THE WRITTEN LETTER AGREEMENT ATTACHED TO THE COUNTERCLAIM

The May Partnership executed a written letter agreement with BMI to lease the space at 336 Randolph Place N.E. at an annual rent of $16,200.  (Counterclaim ¶ 97, Ex. D.) Though the parties indicated an intent to execute a formal lease agreement, (id.), the formal lease was never forthcoming.  (Counterclaim ¶ 99.)  Though The May Partnership claims that the parties orally agreed to both a rent escalation provision, (Count III, Counterclaim ¶ 101), and responsibility for utility charges (Count V, Counterclaim ¶ 115), these terms appear nowhere in the terms of the written letter agreement.  Therefore, such claims are barred by the District of Columbia's Statute of Frauds, DC Code § 28-3502, because they are not in the writing otherwise

---

[2] Moreover, even if The May Partnership were permitted to seek compensation for alleged deficiencies in rent due prior to September 12, 2004, The May Partnership admitted in it's Answer to Plaintiffs' Complaint that both ADTI and BMI paid rent in accordance with the terms of their respective lease agreements until May 2003.  (Compare Complaint ¶ 22 with Answer ¶ 22.)

6

containing the material terms of the agreement.  Compare Wemhoff v. Investors Mgmt. Corp. of America, 528 A.2d 1205, 1207 (D.C. 1987) (statute of frauds "bars enforcement of certain oral agreements unless there is a written memorandum signed by the party to be charged . . . sufficient . . . to establish that there in fact *was* an agreement and that the party charged should be bound by it"), with Duffy v. Duffy, 881 A.2d 630 (D.C. 2005) (finding letter agreement outlining child support enforceable where it contained material terms and parties demonstrated intent to be bound by abiding by the terms of the agreement for a year and a half, though final agreement was never executed).  The statute of frauds requires that agreements that cannot be performed within one year be in a writing signed by both parties.  DC Code § 28-3502.  The May Partnership alleges that BMI agreed to rent escalations and the payment of utility charges over almost seven years, since January 2001.  Such an agreement must be in writing to be enforceable under the statute of frauds.

Since these terms are not contained in the written letter agreement, The May Partnership can only prove their existence through parol evidence.  However, the parol evidence rule "bars the admission of prior written or prior or contemporaneous oral evidence that adds to or is inconsistent with the terms of a written document that constitutes a complete and final (integrated) statement of the parties' agreement."  Id. (quotation omitted).  "[I]f the document or contract that the parties agree to make is to contain any material term that is not already agreed upon, 'the oral promises cannot serve as a foundation for judicial relief.'"  Anchorage-Hynning & Co., 697 F.2d 356, 363 (D.D.C. 1983) (quoting D.C. Area Community Council, Inc. v. Jackson, 385 A.2d 185, 187 (D.C. 1978); see also Penick v. Frank E. Basil, Inc. of Delaware, 579 F. Supp. 160 (D.D.C. 1984) (terms outside of written employment offer could not be incorporated despite oral agreements with corporate agents).  The written letter agreement between The May

7

Partnership and BMI attached to the Counterclaim contains an explicit provision defining the annual rental rate, but does not provide for annual rent escalations or for payment of utility charges by the tenant.  As The May Partnership would be forced to rely upon impermissible parol evidence to prove the existence of such terms, Counts III and IV should be dismissed.

## V.    THE MAY PARTNERSHIP'S QUANTUM MERUIT CLAIM CANNOT BE MAINTAINED WHERE THERE IS AN EXPLICIT CONTRACT.

The May Partnership's *quantum meruit* claim against BMI is entirely based on claims for compensation that are already addressed by the written agreement with BMI that is attached to the Counterclaim.  Where compensation is addressed by an express contract, a *quantum meruit* claim is inappropriate.  Standley v. Egbert, 267 A.2d 365, 367 (D.C. 1970) (holding *quantum meruit* relief unavailable to permit architect to recover for design work performed at his own initiative and not completed according the terms of the contract); Wilderness Society v. Cohen, 267 A.2d 820, 822 (D.C. 1970) (denying equitable claim for refund of wilderness trip prepayment as contract expressly provided for terms of refunds).  Instead, parties are forced to rely upon the terms of the contract for relief:

> When parties enter into a contract[,] they assume certain risks with an expectation of a return.  Sometimes, their expectations are not realized, but they discover that under the contract they have assumed the risk of having those expectations defeated.  As a result, they have no remedy under the contract for restoring their expectations.  In desperation, they turn to quasicontract for recovery.  This the law will not allow.

Dale Denton Real Estate, Inc. v. Fitzgerald, 635 A.2d 925, 928 (D.C. 1993) (quoting Mass Transit Admin. V. Granite Cost. Co., 57 Md. App. 766, 471 A.2d 1121, 1126 (1984)) (denying real estate agent commission for sale on *quantum meruit* theory where homeowners sold home after expiration of exclusive listing agreement).  The May Partnership specifically alleges that the payments made by BMI pursuant to this written agreement "were less than the value of the

8

services, including occupancy." (Counterclaim ¶ 113.) However, The May Partnership cannot maintain a claim for equitable relief merely because it now considers the deal it struck to be inadequate. Instead, The May Partnership is limited to claims which can be raised under the written letter agreement, and its *quantum meruit* claim should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, ADTI and BMI respectfully request that this Court dismiss all counts in The May Partnership's Counterclaim to the extent that such claims are barred by the statute of limitations. BMI further requests that Counts III, IV and V be dismissed in their entirety.

Dated:  October 2, 2007

Respectfully submitted,

  /s/ Stephen A. Bogorad
Stephen A. Bogorad
DC Bar # 375565
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 955-3000 - phone
(202) 955-5564 – fax

Counsel for the Art & Drama Therapy Institute and Beyond Mask, Inc.

# 4800772_v2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE ART & DRAMA THERAPY INSTITUTE, INC.**, et al. ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| **THE MAY PARTNERSHIP**, et al. ) | |
| ) | |
| **Defendants.** ) | |

## ORDER GRANTING MOTION TO DISMISS

Upon consideration of Plaintiffs Art & Drama Therapy Institute, Inc. and Beyond Mask, Inc.'s Partial Motion to Dismiss Counterclaim of Defendant The May Partnership, it is this ____ day of _____, 2007,

**ORDERED** that Plaintiffs' Partial Motion To Dismiss Counterclaim of Defendant The May Partnership is **GRANTED**; and it is further

**ORDERED** that Counts I and II of the Counterclaim of Defendant The May Partnership, be and hereby are **DISMISSED WITH PREJUDICE** with respect to amounts alleged to be due for the period prior to September 12, 2004; and it is further

**ORDERED** that Counts III, IV, and V of the Counterclaim of Defendant The May Partnership be and hereby are **DISMISSED WITH PREJUDICE.**

_____
District Court Judge

Copies to:

Stephen A. Bogorad
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

David Charles Masselli
David Charles Masselli PC
4113 Lee Highway
Arlington, VA  22207-3156

Keith Prichard
12791 Carronade Court
Dunkirk, Maryland  20754

Timsco, Inc.
c/o Keith T. Prichard
16431 Lea Drive
Mitchellville, Maryland  20716

Richard W. Luchs
Williams C. Casano
Joshua M. Greenberg
Greenstein Delorme & Luchs, P.C.
1620 L. Street, NW, Suite 900
Washington, DC  20036


# 4830062_v1