UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| The ART & DRAMA THERAPY INSTITUTE, INC et al. | ) ) ) | |
| Plaintiffs. | ) ) | Case 1:07cv-01456 Assigned to: Friedman, Paul L. |
| v. | ) ) | Assign Date 8/13/2007 Description: Civil General |
| THE MAY PARTNERSHIP et al. | ) ) ) | |
| Defendants. | ) | |

ANSWER AND GROUNDS OF DEFENSE OF TIMSCO, INC.

COMES NOW, the defendant TIMSDCO, Inc., by counsel and in response to the Complaint in this Action states as follows:

1.   Defendant is without sufficient information to admit or deny the allegations in Paragraph One of the Complaint and demands strict proof thereof.

2.   Defendant is without sufficient information to admit or deny the allegations in Paragraph Two of the Complaint and demands strict proof thereof.

3.   Denied. All rights in the property which is the subject of this litigation were transferred to 336 Randolph, LLC on September 13, 2007.

4.   Admitted.

5.   Admitted.

6.   Admitted.

7.   Admitted.

8.   Denied.

9.        Admitted.

10.       Denied. William O'Connell has never been a partner of the May Partnership.

11.       Denied. The late Joseph Natoli who died in 1998 is not a member of the partnership. Neither Mr. Natoli nor his estate has any interest in the May Partnership.

12.       Admitted.

13.       Admitted.

14.       Defendant is without sufficient information to admit or deny the allegations in Paragraph Fourteen of the Complaint and demands strict proof thereof.

15.       Defendant admits that the property which is the subject of this litigation is located in the District of Columbia. Said property is no longer owned by The May Partnership. The remainder of the allegations in Paragraph Fifteen of the Complaint implicate matters of law and no answer is required.

16.       Defendant admits as to the first two sentences. Defendant is without sufficient information to admit or deny the allegations in the last two sentences of this paragraph and demands strict proof thereof.

17.       Defendant is without sufficient information to admit or deny the allegations in Paragraph Seventeen of the Complaint and demands strict proof thereof.

18.       Defendant admits to so much of Paragraph Eighteen of the Complaint as alleges that May Partnership rented spaces at 327 S and 336 Randolph Place for a term of seven years. With respect to the last sentence the Lease speaks for itself and no answer is required.

19.     With respect to the allegations in Paragraph 19 the Lease speaks for itself and no answer is required. Defendant specifically denies that renewal can occur more than once.

20.     Denied.

21.     Defendant admits so much as the paragraph as that there was a Written Agreement between the May Partnership and BMI. With respect to all other allegations, the Lease speaks for itself and no answer is required.

22.     Admitted.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Admitted.

28.     Defendant admits that Walter Prichard sent a letter on behalf of the May Partnership to ADTI and BMI. The letter speaks for itself. The remainder of the paragraph is denied.

29.     Defendant admits so much of the allegation contained in Paragraph Twenty Nine which alleges certain payments made by plaintiffs to May Partnership. The remainder of the allegations made in said paragraph are denied.

30.     Defendant restates and incorporates his answers to the allegations set forth in Paragraphs 1 through 29 as if set forth herein.

31.     Denied.

32.     Denied.

33.	Denied.

34.	Defendant admits that Walter Prichard sent a letter on behalf of the May Partnership to ADTI and BMI. The letter speaks for itself.

35.	Defendant denies that there is an actual controversy between the parties. Defendant denies that the May Partnership is seeking the payment of any rent which it is not owed. Any rights to payment of rent for the property and all other rights under the Lease have been transferred to 336 Randolph LLC.

WHEREFORE, Defendant denies that the elements of estoppel exist under the law of the District of Columbia and prays that Count I of the Complaint be dismissed with prejudice.

36.	Defendant restates and incorporates his answers to the allegations set forth in Paragraphs 1 through 35 as if set forth herein.

37.	Denied.

38.	Admitted.

39.	Defendant denies that there is an actual controversy between the parties. Defendant denies that the May Partnership is seeking the payment of any rent which it is not owed. Any rights to payment of rent for the property and all other rights under the Lease have been transferred to 336 Randolph LLC.

WHEREFORE, Defendant denies that the elements of waiver exist under the law of the District of Columbia and prays that Count II of the Complaint be dismissed with prejudice.

40.	Defendant restates and incorporates his answers to the allegations set forth in Paragraphs 1 through 39 as if set forth herein.

41.     Denied.

42.     Denied.

43.     Defendant admits so much of Paragraph 43 which alleges that the May Partnership sent a letter to the plaintiffs. The letter speaks for itself.

44.     Defendant admits the allegations in the first two sentences of Paragraph Forty-Four. Defendant denies the remainder.

45.     Defendant denies that there is an actual controversy between the parties. Defendant denies that May Partnership sought to retroactively implement rent increases or waive such increases as were due under the Lease. Any rights to payment of rent for the property and all other rights under the Lease have been transferred to 336 Randolph LLC.

    WHEREFORE, Defendant denies that the elements of estoppel exist under the law of the District of Columbia and prays that Count III of the Complaint be dismissed with prejudice and further denies that the actions taken by the May Partnership constitute retroactive implementation of rent increases.

46.     Defendant restates and incorporates his answers to the allegations set forth in Paragraphs 1 through 45 as if set forth herein.

47.     Denied.

48.     Defendant denies that there is an actual controversy between the parties. Defendant denies that May Partnership sought to retroactively implement rent increases or waive such increases as were due under the Lease. Any rights to payment of rent for the property and all other rights under the Lease have been transferred to 336 Randolph LLC.

WHEREFORE, Defendant denies that the elements of waiver exist under the law of the District of Columbia and prays that Count IV of the Complaint be dismissed with prejudice and further denies that the actions taken by the May Partnership constitute retroactive implementation of rent increases.

49.     Defendant restates and incorporates his answers to the allegations set forth in Paragraphs 1 through 48 as if set forth herein.

50.     With respect to the allegations in Paragraph Fifty of the Complaint, the Lease speaks for itself. Defendant expressly denies that the provision in the lease for "an option to renew" creates a perpetually renewing lease.

51.     Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph Fifty One of the Complaint and demands strict proof thereof.

52.     Defendant admits that ADTI executed the document referenced in the first sentence of Paragraph Fifty-Two. Defendant admits that The May Partnership executed the document referenced in the second sentence of Paragraph Fifty-Two. The documents speak for themselves. Defendant denies the last sentence in Paragraph Fifty-Two.

53.     Defendant admits that the letter referred to in Paragraph Fifty-three was sent. Defendant denies that the letter had the legal effect claimed as the Lease had no more renewal rights.

54.     Defendant denies that there is an actual controversy between the parties. Defendant denies that there is any further right to renew the Lease.. Any rights to payment of rent for the property and all other rights under the Lease have been transferred to 336 Randolph LLC.

WHEREFORE, Defendant denies that there is any basis for the declaratory relief sought by the plaintiffs and prays that the Court dismiss Count V of the Complaint with prejudice.

## AFFIRMATIVE DEFENSE

As his affirmative defenses, defendant states the following:

55.     The relief sought by the plaintiffs is barred by the statute of frauds.

56.     The relief sought by the plaintiffs is barred by laches.

## ADDITIONAL GROUNDS OF DEFENSE

Without assuming any burden of production or proof that it would not otherwise be required to bear under applicable law, Defendant asserts the following defenses and reserves his right to raise additional defenses as appropriate:

57.     The plaintiffs have failed to state a claim upon which relief can be granted.

58.     The plaintiffs would be unjustly enriched should they receive the relief they seek.

TIMSCO, INC.
By Counsel

_____/s/_____
David Charles Masselli
D.C. Bar No. 198276
David Charles Masselli PC
4113 Lee Highway
Arlington, VA 22207-3156
(703) 741-0402
Fax: (703) 741-0979
dm@mllaw.com

CERTIFICATE OF SERVICE

    I, David Charles Masselli, hereby certify that I caused the foregoing to be served by the Court's electronic case management system on October 9, 2007 and by U.S. Mail, first class and prepaid, upon counsel for the plaintiffs at the address set forth below:

    Steven A Bogorad
    HOLLAND AND KNIGHT
    2099 Pennsylvania Avenue, N.W.
    Washington DC 20006

                    /s/
              David Charles Masselli