IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ART & DRAMA THERAPY INSTITUTE, INC., et al. ) ) ) Plaintiffs, ) ) v. ) ) THE MAY PARTNERSHIP, et al. ) ) Defendants. ) | Case No. 1:07cv-01456 Assigned to: Friedman, Paul L. |

### OPPOSITION TO MOTION OF 336 RANDOLPH LLC TO INTERVENE AS A DEFENDANT AND COUNTERCLAIM PLAINTIFF

Plaintiffs Art & Drama Therapy Institute, Inc. ("ADTI") and Beyond Mask, Inc. ("BMI"), by and through undersigned counsel, hereby file the following opposition to the Motion of 336 Randolph LLP ("Randolph") to Intervene as a Defendant and Counterclaim Plaintiff:

### STATEMENT OF FACTS

On August 13, 2007, ADTI and BMI filed a Complaint seeking declaratory relief against The May Partnership and those individuals or corporations whom Plaintiffs had reason to believe were general partners in The May Partnership. (Compl. ¶¶ 1-13.) ADTI and BMI are both corporations organized under the laws of Delaware with their principal places of business in the District of Columbia. (Id. ¶ 1-2.) The defendants are all citizens of either Maryland or Virginia. (Id. ¶ 3-13.) On September 12, 2007, Defendant May Partnership filed an Answer and a Counterclaim against ADTI and BMI. The subject of both the claims in the Complaint and the Counterclaim is property located at 325 S Street N.E. and 336 Randolph Place N.E. in the District of Columbia (the "Property") which ADTI and BMI currently occupy under leases executed with Defendant May Partnership. (Id. ¶ 30-54; Counterclaim ¶ 72-117.)

On September 13, 2007, Defendant May Partnership transferred its interest in the Property to Randolph. (Mtn. to Intervene at 2, Ex. 1 ¶ 4.) The May Partnership further assigned its rights and interests in the leases with ADTI and BMI to Randolph, with the exception of any amounts due The May Partnership for real estate taxes and the special New York Street Assessment for the second half of 2007. (Id. at 2, Ex. 1 ¶ 5.) Randolph is a limited liability company organized under the laws of the District of Columbia. (Proposed Answer & Counterclaim ¶ 61.) On September 28, 2007, Randolph moved to intervene in this action as both a defendant and a counter-plaintiff.

## ARGUMENT

I. **RANDOLPH SHOULD NOT BE PERMITTED TO INTERVENE AS DIVERSITY OF THE PARTIES WOULD BE DESTROYED.**

This Court's jurisdiction over both Plaintiffs' claims and May Partnership's counterclaims is based solely on the diversity of the parties pursuant to 28 U.S.C.A. § 1332. (See Compl. ¶ 14; Counterclaim ¶ 64.) If a party seeks to intervene pursuant to Rule 24 where jurisdiction is founded upon the diversity of the original parties, federal law requires that the intervening party's citizenship must not destroy diversity between the plaintiffs and the defendants. Specifically, the supplemental jurisdiction statute provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule . . . 24 of the Federal Rules of Civil Procedure, or over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C.A. § 1367(b). Despite any rights to intervention granted by Rule 24, it "shall not be construed to extend or limit the jurisdiction of the United States district courts." Fed. R. Civ. P.

2

82. "Otherwise a plaintiff could defeat the statutory requirement of complete diversity by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead non-diverse defendants." Ware v. Jolly Roger Rides, Inc., 857 F. Supp. 462, 465 (D. Md. 1994).

Courts interpreting the supplemental jurisdiction statute routinely deny intervention where the new party would destroy the diversity between plaintiffs and defendants. See, e.g., Betancourt-Torres v. Puerto Rico Electric Power Authority, 164 F.R.D. 307 (P.R. 1996) (denying intervention of non-diverse Puerto Rican relatives in wrongful death claim between non-Puerto Rican relatives and Puerto Rican corporation); Ware, 857 F. Supp. 462 (holding jurisdiction over supplemental claim against non-diverse defendant must be denied regardless of whether non-diverse defendant was originally or later joined); Deere & Co. v. Diamond Wood Farms, Inc., 152 F.R.D. 158, 160 (E.D. Ark. 1993) (denying intervention of party as plaintiff pursuant to Rule 24 because it would destroy complete diversity of the parties); Lumber Insurance Companies, Inc. v. Allen, 892 F. Supp. 31 (D.N.H. 1993) (denying intervention of parties as defendants pursuant to Rule 24(a) in action where diversity would be destroyed despite new parties' contention that their interests would not be adequately represented by original defendants); Yorkshire Partnership, Ltd. V. Pacific Capital Partners, 154 F.R.D. 141 (M.D. La. 1993) (denying intervention of party as plaintiff pursuant Rule 24 because it would destroy complete diversity of the parties).

As Randolph's claims and defenses are not federal in nature, supplemental jurisdiction could only be granted if the diversity of parties were maintained. However, both Plaintiffs and Randolph are citizens of the District of Columbia for purposes of jurisdiction as ADTI and BMI both maintain their principal places of business within the District of Columbia and Randolph is

an entity organized under the laws of the District of Columbia.  28 U.S.C.A. § 1332.  Randolph's intervention would therefore destroy complete diversity of the parties and the only basis for this Court's jurisdiction over this action.  Randolph's motion to intervene pursuant to Rule 24 should therefore be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs ADTI and BMI respectfully request that this Court deny the motion of 336 Randolph LLC to intervene as defendant and counter-plaintiff in order preserve the complete diversity of parties upon which this Court's jurisdiction is founded.

Dated:  October 12, 2007                                          Respectfully submitted,

  /s/ Stephen A. Bogorad
Stephen A. Bogorad
DC Bar # 375565
Stephanie L. Hogan
DC Bar # 500729
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 955-3000 – phone
(202) 955-5564 – fax

Counsel for the Art & Drama Therapy Institute and Beyond Mask, Inc.

# CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing documents were served by means of the ECF system on all counsel of record in the above case this 12th day of October, 2007 on the following:

>David Charles Masselli
>David Charles Masselli PC
>4113 Lee Highway
>Arlington, VA  22207-3156
>
>Richard W. Luchs
>Williams C. Casano
>Joshua M. Greenberg
>Greenstein Delorme & Luchs, P.C.
>1620 L. Street, NW, Suite 900
>Washington, DC  20036

      /s/ Stephen A. Bogorad
      Stephen A. Bogorad

# 4833261_v3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE ART & DRAMA THERAPY ) <br> INSTITUTE, INC., et al. ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE MAY PARTNERSHIP, et al. ) <br> ) <br>     Defendants. ) <br> ) | Case No. 1:07cv-01456 <br><br> Assigned to: Friedman, Paul L. |

### ORDER

Upon consideration of the Motion of 336 Randolph LLC to Intervene as a Defendant and Counterclaim Plaintiff and any opposition thereto, IT IS this _____ day of _____, 2007, by the United States District Court for the District of Columbia, hereby ORDERED that the Motion is DENIED.

 

_____
District Court Judge

cc:    Stephen A. Bogorad
       Stephanie L. Hogan
       HOLLAND & KNIGHT LLP
       2099 Pennsylvania Avenue, N.W.
       Washington, D.C. 20006

       David Charles Masselli
       David Charles Masselli PC
       4113 Lee Highway
       Arlington, VA  22207-3156

       Richard W. Luchs
       Williams C. Casano
       Joshua M. Greenberg
       Greenstein Delorme & Luchs, P.C.
       1620 L. Street, NW, Suite 900
       Washington, DC  20036

# 4852192_v1