IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ART & DRAMA THERAPY INSTITUTE, INC., _et al._, <br><br> _Plaintiffs_, <br><br> v. <br><br> THE MAY PARTNERSHIP, _et al._, <br><br> _Defendants_. | Civil Action No. 07-1456 (PLF) |

## ANSWER AND COUNTERCLAIM OF 336 RANDOLPH LLC

COMES NOW, the Defendant and Counterclaim Plaintiff 336 Randolph LLC ("Randolph"), by counsel, and in response to the Complaint files its Answer (the "Answer") and its Counterclaim (the "Counterclaim"). In support of its Answer, Randolph states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs have waived, released or are otherwise estopped from asserting the claims alleged in the Complaint.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of "unclean hands."

### FOURTH DEFENSE

Plaintiffs' claims are barred by the terms of their respective leases.

### FIFTH DEFENSE

322353v1

The relief sought by Plaintiffs is barred by the statute of frauds.

### SIXTH DEFENSE

The relief sought by Plaintiffs is barred by laches.

### SEVENTH DEFENSE

Plaintiffs would be unjustly enriched should they receive the relief they seek.

### EIGHTH DEFENSE

Randolph denies any and all allegations set forth in the Complaint to the extent that Randolph does not specifically respond to those allegations elsewhere in this Answer.

### NINTH DEFENSE

Responding to the specific allegations of the paragraphs of the Complaint, Defendant states as follows:

1-2.    Defendant is without sufficient information to admit or deny the allegations in paragraphs 1 and 2 of the Complaint, and therefore denies same and demands strict proof thereof.

3.    Defendant admits the first sentence of paragraph 3 of the Complaint, but denies the second sentence of that paragraph.

4-7.    Defendant admits the allegations of paragraphs 4-7 of the Complaint.

8.    Defendant denies the allegations of paragraph 8 of the Complaint.

9.    Defendant admits the allegations of paragraph 9 of the Complaint.

10-11.    Defendant denies the allegations of paragraphs 10-11 of the Complaint.

12-13.    Defendant admits the allegations of paragraphs 12-13 of the Complaint.

14.    Defendant is without sufficient information to admit or deny the allegations in paragraph 14 of the Complaint and it therefore denies same and demands strict proof thereof.

15.     Defendant admits that the property which is the subject of this litigation is located in the District of Columbia. The remainder of the allegations in paragraph 14 of the Complaint implicate matters of law and no answer is required.

16.     Defendant admits that ADTI maintains facilities at S Street, N.E. and 336 Randolph Place, N.E., however, Defendant is without knowledge whether such are ADTI's sole facilities. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 16 of the Complaint and therefore denies same and demands strict proof thereof.

17.     Defendant admits that BMI maintains facilities at 336 Randolph Place, N.E., however, it is without information whether such are BMI's sole facilities. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 17 of the Complaint and it denies same and demands strict proof thereof.

18.     Defendant admits to so much of paragraph 18 of the Complaint as alleges that The May Partnership ("May") rented spaces at S Street, N.E. and 336 Randolph Place, N.E. to ADTI for a term of seven years. Defendant affirmatively avers that the S Street lease was for 325 S Street, which, upon information and belief, has become known as 327 S Street, N.E. With respect to the second sentence of paragraph 18 of the Complaint, the leases speak for themselves and no answer is required.

19.     With respect to the allegations of paragraph 19, the leases speak for themselves and no answer is required. Defendant specifically denies that renewal can occur more than once or that Plaintiffs have any more renewals available to them.

20.     Defendant is without sufficient information to admit or deny the allegations of paragraph 20 of the Complaint, and it therefore denies same and demands strict proof thereof.

21.    Defendant admits that there was a written agreement between May and BMI concerning space at 336 Randolph Place, N.E.  With respect to all other allegations of paragraph 21 of the Complaint, the agreement speaks for itself and no answer is required.

22-26.    Defendant is without sufficient information to admit or deny the allegations in paragraphs 22-26 of the Complaint and it therefore denies same and demands strict proof thereof.

27.    Defendant admits the allegations of the first sentence of paragraph 27 of the Complaint.  Defendant further admits that May refused to recognize ADTI's attempt to extend its leases and Defendant denies that ADTI has any right to further renewals.

28.    Defendant admits that Walter Prichard sent a letter on behalf of May to ADTI and BMI.  The letter speaks for itself.  The remainder of paragraph 28 of the Complaint is denied.

29.    Defendant admits so much of the allegation contained in paragraph 29 which alleges certain payments made by Plaintiffs to May.  The remainder of the allegations made in said paragraph are denied.

30.    Defendant restates and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 29 of the Complaint as if set forth herein.

31-33.    Defendant is without sufficient information to admit or deny the allegations in paragraphs 31-33 of the Complaint and it therefore denies same and demands strict proof thereof.

34.    Defendant admits that Walter Prichard sent a letter on behalf of May to ADTI and BMI on or about July 11, 2007.  The letter speaks for itself.

35.    Defendant admits that there is an actual controversy between the parties. Defendant denies that May was seeking or that Defendant is seeking the payment of any rent which Defendant is not owed.

WHEREFORE, Defendant denies that the elements of estoppel exist under the laws of the District of Columbia and prays that Count I of the Complaint be dismissed with prejudice or that a declaratory judgment otherwise be entered in Defendant's favor.

36.    Defendant restates and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 35 of the Complaint as if set forth herein.

37.    Defendant denies the allegations of paragraph 37 of the Complaint.

38.    Defendant admits the allegations of paragraph 38 of the Complaint.

39.    Defendant admits that there is actual controversy between the parties. Defendant denies that May was seeking or that Defendant is seeking the payment of any rent which Defendant is not owed.

WHEREFORE, Defendant denies that the elements of waiver exist under the laws of the District of Columbia and prays that Count II of the Complaint be dismissed with prejudice or that a declaratory judgment otherwise be entered in Defendant's favor.

40.    Defendant restates and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 39 of the Complaint as if set forth herein.

41-42.    Defendant denies the allegations of paragraphs 41-42 of the Complaint.

43.    Defendant admits so much of paragraph 43 which alleges that May sent a letter to Plaintiffs. The letter speaks for itself.

44.    Defendant admits that May received payments as well as a letter from ADTI and BMI in August 2007. Defendant denies the remainder of paragraph 44.

45.    Defendant admits that there is actual controversy between the parties. Defendant denies that May sought or that Defendant seeks to retroactively implement rent increases which were waived and Defendant denies that any waiver or estoppel occurred.

WHEREFORE, Defendant denies that the elements of estoppel exist under the laws of the District of Columbia and prays that Count III of the Complaint be dismissed with prejudice and further denies that the actions taken by May or by Defendant constitute retroactive implementation of rent increases.

46.    Defendant restates and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 45 of the Complaint as if set forth herein.

47.    Defendant denies the allegations of paragraph 47 of the Complaint.

48.    Defendant admits that there is an actual controversy between the parties. Defendant denies that May or Defendant sought to retroactively implement rent increases or waive such increases as were due under the Leases.

WHEREFORE, Defendant denies that the elements of waiver exist under the laws of the District of Columbia and prays that Count IV of the Complaint be dismissed with prejudice and further denies that the actions taken by May or Defendant constitute retroactive implementation of rent increases.

49.    Defendant restates and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 48 of the Complaint as if set forth herein.

50.    With respect to the allegations in paragraph 50 of the Complaint, the Lease speaks for itself. Defendant expressly denies that the provision in the Lease for "an option to renew" creates a perpetually renewable lease.

51.    Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 51 of the Complaint and therefore denies same and demands strict proof thereof.

52.     Defendant admits that ADTI executed the document referenced in the first sentence of paragraph 52 of the Complaint and that May executed the document referenced in the second sentence of paragraph 52. The documents speak for themselves. Defendant denies the last sentence in paragraph 52 of the Complaint.

53.     Defendant admits that the letter referred to in paragraph 53 of the Complaint was sent. Defendant denies that the letter had the legal effect claimed as the Leases had no more renewal rights.

54.     Defendant admits that there is an actual controversy between the parties. Defendant denies that Plaintiffs have any further rights to renew the Leases.

WHEREFORE, Defendant denies that there is any basis for the declaratory relief sought by Plaintiffs and prays that the Court dismiss Count V of the Complaint with prejudice or otherwise enter declaratory judgment in Defendant's behalf.

## COUNTERCLAIM

59.     Defendant and Counterclaim Plaintiff Randolph, by counsel, bring this Counterclaim against Counterclaim Defendants The Art and Drama Therapy Institute, Inc. and Beyond Mask Inc.

## NATURE OF THE ACTION

60.     This is an action for back rent owed by both of the Plaintiffs/Counterclaim Defendants and for utility charges they were obliged to pay under their leases with May, the right to which back rent and utility charges May assigned to Randolph.

## PARTIES

61.     Randolph is a District of Columbia limited liability company. Randolph is the owner of the property ("the Property") containing the leased premises of ADTI and BMI and

Randolph is also the assignee of all unpaid amounts under the leases executed by ADTI and BMI relating to their occupancy of 336 Randolph Place, N.E. and 325 S Street, N.E. (a/k/a 327 S Street, N.E.), Washington, DC.

62.    On information and belief, Counterclaim Defendant The Art and Drama Therapy Institute, Inc. ("ADTI") is a corporation organized and existing under the laws of Delaware with its principal office in the District of Columbia.

63.    On information and belief, Counterclaim Defendant Beyond Mask, Inc. ("BMI") is a corporation organized and existing under the laws of Delaware with its principal office in the District of Columbia.

## JURISDICTION AND VENUE

64.    The Court has jurisdiction over this claim presented herein pursuant to 28 U.S.C. § 1367 as such claim is part of the same case or controversy.

65.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391(a) because the property which is the subject of this action is situated in the District of Columbia.

## BACKGROUND

66.    Randolph owns the Property containing Plaintiff's leased premises.

67.    May is a partnership formed under the laws of Virginia.

68.    On or about July 12, 1996, Randolph's predecessor in interest, May, entered into a lease (the "S Street Lease') with Counterclaim Defendant ADTI for the premises at 325 S Street, N.E. (a/k/a 327 S Street, N.E.).  A copy of this lease is set forth as Exhibit A hereto.

69.    The S Street Lease provided for an initial monthly rental of Six Thousand Dollars ($6,000.00) per month and further provided that the rent would increase on an annual basis by three percent (3%), plus half of any increase in the Consumer Price Index above three percent.

70.    On or about July 12, 1996, May entered into a lease with Counterclaim Defendant ADTI for the premises at 336 Randolph Place, N.E. (the "Randolph Lease"). A copy of the Randolph Lease is set forth as Exhibit B hereto.

71.    The Randolph Lease provided for an initial monthly rental of Ten Thousand Three Hundred Nineteen Dollars ($10,319.00) per month and further provided that the rent would increase on an annual basis by three percent (3%), plus half of any increase in the Consumer Price Index above three percent.

## COUNT I
## BACK RENT ADTI

72.    Randolph incorporates and realleges the allegations set forth in paragraphs 59 through 71 as if fully set forth herein.

73.    The two leases between May and ADTI provide for annual rent increases of three percent (3%) plus one-half of any increase in the Consumer Price Index above three percent.

74.    Beginning in August 2003, ADTI began tendering monthly rental payments that did not include the 2003 cost increase or any subsequent annual rent increase.

75.    At no time did May, or any agent of May, accept these rent payments as full payment of the rent or waive its right to full payment.

76.    At no time did May, or any agent of May, state that May would forego its rights under the Leases to full payment of the rent, including the annual rent increases.

77.    At no time did May, or any agent of May, waive the right of May to full payment of the rent, including the annual rent increases.

78.    For the 2003 rental year (August 1, 2003 through July 31, 2004), ADTI paid $20,545.00 per month.

322353v1                                         9

79.     The monthly rent due pursuant to the lease during the 2003 rental years was $21,161.35.

80.     The shortfall for the 2003 rental year was approximately $7,391.52.

81.     For the 2004 rental year (August 1, 2004 through July 31, 2005), ADTI paid $20,540.00 per month.

82.     The monthly rent due pursuant to the lease during the 2004 rental year was $21,796.19.

83.     The shortfall for the 2004 rental year was approximately $15,009.60.

84.     For the 2005 rental year (August 1, 2005 through July 31, 2006), ADTI paid $20,540.00 per month.

85.     The monthly rent due for the 2005 rental year was $22,450.08.

86.     The shortfall for the 2005 rental year was approximately $22,856.28.

87.     For the 2006 rental year (August 1, 2006 through July 31, 2007), ADTI paid $20,540.00 per month.

88.     The monthly rent due pursuant to the lease for the 2006 lease year was $23,123.58.

89.     The shortfall for the 2006 rental year was approximately $30,938.28.

90.     The total shortfall of the ADTI leases through July 31, 2007 is approximately $76,195.68, absent interest and fees.  ADTI has breached its leases by failure to pay these shortfalls.

91.     May made demand of this amount by letter dated July 11, 2007.  A copy of the letter is set forth as Exhibit C.

92.    The monthly rent due pursuant to the ADTI leases for the 2007 rental year is $23,817.29, yet ADTI, in breach of its leases, has only been paying $21,161.35. Accordingly, a monthly rent shortfall of $2,655.94 has occurred and will occur throughout the balance of the 2007 rental year.

93.    May assigned to Randolph its rights to any of ADTI's unpaid rent and interest thereon and attorney fees necessary to collect such by virtue of an Assignment executed on September 13, 2007, a copy of which is attached hereto as Exhibit E.

94.    The leases provide that if the landlord incurs attorneys fees to enforce the leases, ADTI shall pay such fees and expenses.

WHEREFORE, Randolph respectfully requests entry of judgment against ADTI in the amount of $76,195.68, together with all rent shortfalls incurred for the 2007 rental year and that the Court with also award to Randolph all attorney fees incurred by Randolph in this action.

## COUNT II
### UTILITIES ADTI

95.    Randolph incorporates and realleges the allegations set forth in paragraphs 59 through 94 as if set forth herein.

96.    Pursuant to the leases between May and ADTI for the S Street and Randolph Place properties, ADTI was responsible to pay for all utility charges.

97.    ADTI has not paid all utility charges.

98.    The current amount owed on utilities is not yet known to May or Randolph.

WHEREFORE, Randolph respectfully requests entry of judgment against ADTI for unpaid utility charges in an amount to be proved at trial, together with Randolph's costs, including reasonable attorney fees, in this action.

COUNT III
BACK RENT BMI

99.    Randolph incorporates and realleges the allegations set forth in paragraphs 59 through 98 as if set forth herein.

100.    In December 1999, Beyond Mask, Inc. ("BMI") agreed with May to rent certain newly renovated space on the second floor of the premises at 336 Randolph Place, N.E. beginning on January 1, 2000. The parties agreed that the initial monthly rent would be $1,350.00. Exhibit D.

101.    The parties did not sign a lease at the time that BMI began occupancy of the second floor space.

102.    BMI occupied the space without a written lease until May 9, 2007.

103.    During this period, BMI paid $1,350.00 per month.

104.    It was the understanding of May and BMI that the lease would include the same rent escalator as was contained in the ADTI lease.

105.    Using the rent escalation provision agreed to by the parties, the monthly rental owed by BMI was approximately as follows:

| | |
|---|---|
| 2001 | $1,390.50 |
| 2002 | $1,432.21 |
| 2003 | $1,475.18 |
| 2004 | $1,519.43 |
| 2005 | $1,565.01 |
| 2006 | $1,611.96 |
| 2007 | $1,660.00 |

106.    BMI did not pay any annual rent increase.

107.    At no time did May, or any agent of May, accept these rent payments as full payment of the rent owed or waive its right to full payment.

108.   At no time did May, or any agent of May, state that May would forego its rights to full payment of the rent, including the annual rent increases.

109.   At no time did May, or any agent of May, waive the right of May to full payment of the rent, including the annual rent increases.

110.   The rent shortfall during the period January 1, 2000 through July 31, 2007 is approximately as follows:

| | |
|---|---|
| 2001 | $   486.00 |
| 2002 | $   986.92 |
| 2003 | $ 1,502.16 |
| 2004 | $ 2,033.16 |
| 2005 | $ 2,580.12 |
| 2006 | $ 3,143.52 |
| 2007 | $ 2,172.72 |

111.   The total rent shortfall on the BMI space through July 31, 2007, is approximately $12,903.72 absent interest and fees.

112.   May made demand of this amount by letter dated July 11, 2007.  A copy of the letter is set forth as Exhibit C.

113.   BMI has failed to comply with this demand and in so refusing breached its agreement.

114.   The monthly rent due pursuant to the BMI lease for the 2007 rental year is $1,660.32, yet BMI, in breach of its lease has been paying only $1,390.50 thereby creating a monthly rent shortfall of $269.82 which Defendant has suffered and will suffer throughout the remainder of the 2007 rental year.

115.   May assigned to Randolph its rights to any of BMI's unpaid rent and interest thereon and attorney fees necessary to collect such by virtue of an Assignment executed on September 13, 2007, a copy of which is attached hereto as Exhibit E.

116.    The leases provide that if the landlord incurs attorneys fees to enforce the leases, BMI shall pay such fees and expenses.

WHEREFORE, Randolph respectfully requests entry of a judgment against BMI in the amount of $12,903.72 together with all rent shortfalls incurred for the 2007 rental year and that the Court also award to Randolph costs and the reasonable attorney fees incurred by Randolph in this action.

COUNT IV
QUANTUM MERUIT BMI

117.    Randolph incorporates and realleges the allegations set forth in paragraphs 59 through 116 as if set forth herein.

118.    During the period from January 1, 2000 through May 9, 2007, BMI occupied and made use of certain property owned by May at 336 Randolph Place, N.E.

119.    During the period from January 1, 2000 through May 9, 2007, BMI acknowledged that it was a tenant of May and made certain payments for its occupancy of its premises.

120.    The payments made by BMI were less than the value of the services, including occupancy.

121.    May has assigned its rights to such rent deficiency to Randolph.

WHEREFORE, Randolph respectfully requests entry of a judgment against BMI for quantum meruit in an amount to be proved at trial.

COUNT V
UTILITIES BMI

122.    Randolph incorporates and realleges the allegations set forth in paragraphs 59 through 121 as if set forth herein.

123.    Pursuant to the leases between May and BMI, BMI was responsible for all utility charges.

124.    BMI has not paid all utility charges.

125.    The current amount owed on utilities is not yet known to May or Randolph.

126.    May has assigned its rights to such charges to Randolph.

WHEREFORE, Randolph respectfully requests entry of judgment against BMI for unpaid utility charges in an amount to be proved at trial, together with costs, including reasonable attorney fees incurred by Randolph in this action.


336 RANDOLPH LLC
By Counsel


_____/S/_____

Dated:  September 28, 2007          Richard W. Luchs, #243931
                                    William C. Casano, #352492
                                    Joshua M. Greenberg, #489323
                                    Greenstein DeLorme & Luchs, P.C.
                                    1620 L Street, N.W., Suite 900
                                    Washington, DC  20036-5605
                                    Telephone:  (202) 452-1400
                                    E-mail:  rwl@gdllaw.com
                                    E-mail:  wcc@gdllaw.com
                                    E-mail:  jmg@gdllaw.com

                                    *Attorneys for Defendant and Counterclaim Plaintiff*
                                    *336 Randolph LLC*

322353v1                            15